**FROM: The District Court of the 11th Judicial District. County of Flathead.**

STATE OF MONTANA,

Plaintiff,                                          NO. DC 94-047(B)

vs.                                                     DECISION

Raymond Joseph Schneider,

Defendant.

On September 16, 1994, the defendant was sentenced to serve a term of ten (10) years at the Montana State Prison for the offense of Criminal Endangerment, a Felony; Twenty (20) years at the Montana State Prison for the offense of Burglary, a Felony and five (5) years at the Montana State Prison for the offense of Criminal Possession of Dangerous Drugs, a Felony. These sentences are to be served concurrently for a total period of incarceration at the Montana State Prison of twenty (20) years. The judgment imposed in this matter is to be served consecutively to that imposed in Cause Nos. DC 86-016(B) and DC 86-017(B). The defendant shall be given credit for nine (9) days for time served in pre-sentence incarceration. Should the defendant be allowed parole, it is also this Court's recommendations, without objection by the defendant, through his attorney, Stephen J. Nardi, that he be required to pay restitution to his victims in this matter as a condition of his supervised release from Prison: Bernie Dupuis, $250.00 Canadian Funds: The Wellington Insurance Company, #PA2658931, Dupuis, $3,109.24 Canadian Funds: George Risi, $1,000.00; and the USAA Insurance Company, Colorado Springs, $2,500.00. Payments are to be made through the Flathead County Attorney's Office, P.O. Box 1516, Kalispell, MT 59903, according to a schedule developed by his parole officer.

On March 16, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Judge Lympus recused himself from any participation in the case. Before becoming

a judge, he appeared as County Attorney at a prior sentence review hearing on another case.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and requested that his case be continued.

After careful consideration, the motion for a continuance was granted. The case shall be heard May 12, 1995.

Done in open Court this 16th day of March, 1995.

DATED this 19th day of April, 1995.

**Hon. John Warner, Chairman, Hon. Frank Davis, Member.**